**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDWARD DARNELL CRAWFORD,**

    **Petitioner,**

v.                                                 Case No. 06-CV-13384
                                                   Honorable Denise Page Hood

**LINDA METRISH,**

    **Respondent.**

_____

**OPINION & ORDER DENYING REQUEST FOR CERTIFICATE
OF APPEALABILITY AND DENYING APPLICATION
TO PROCEED *IN FORMA PAUPERIS***

**I. Introduction**

On September 28, 2007, the Court denied Petitioner's application for writ of habeas corpus which was filed pursuant to 28 U.S.C. §2254. The Court determined that Petitioner's habeas application was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations set forth under 28 U.S.C. 2244(d)(1). On October 11, 2007, Petitioner filed a Notice of Appeal. On October 25, 2007, Petitioner filed a Motion for Certificate of Appealability and supporting brief detailing his request for the Court's decision to be reviewed for appellate consideration.

Petitioner argues that Respondent waived her right to raise the affirmative defense of statute of limitations because she failed to bring the issue to the attention of the state courts and instead "h[e]ld back a surprise and spr[u]ng forth with it in the federal courts." (Brief in Support of Motion for Certificate of Appealability for Equitable Tolling, pg. 2). Petitioner claims that he should have

been granted the opportunity to present a response to the statute of limitations affirmative defense before this matter was dismissed. Petitioner also maintains that he had a legitimate excuse for being untimely with the filing of his habeas petition in that he misunderstood his statutory rights and suffered from mental illness. Therefore, Petitioner contends that equitable tolling should have been applied in this case.

## II. Standard of Review for Issuance of Certificate of Appealability

> [A] prisoner seeking post-conviction relief under 28 U.S.C. §2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability].

*Miller-El v. Cockrell,* 53 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of [a] constitutional right." 28 U.S.C. 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court decision may be taken. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, this result will only be proper, if the petitioner shows that jurists of reason would find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.

## III. Law & Analysis

Upon review of this matter, the Court finds that Petitioner has failed to show that the issues raised in support of his request for habeas relief warrant the issuance of a certificate of appealability.

2

Addressing Petitioner's first argument, although the statute of limitations had run on filing a timely habeas petition, before Petitioner began to file post-conviction motions following his state court appeals, it was not incumbent upon Respondent to anticipate that Petitioner would file a habeas corpus petition and then raise an affirmative defense relative to that action. Respondent's only duty relative to this matter was to raise the statute of limitations affirmative defense in its first responsive pleading to a filed habeas application in order to avoid its waiver. Fed. R. Civ. P. 8(c); *Scott v. Collins,* 286 F.3d 923, 927 (6th Cir. 2002). In this case, Respondent raised the statute of limitations affirmative defense in its first responsive pleading when it filed its summary judgment motion. Therefore, Respondent was in compliance with the case law and the federal rules and did not waive its right to raise the time bar affirmative defense.

Regarding Petitioner's second argument on the issue of equitable tolling, the Court previously addressed this argument in its Opinion and Order dismissing Petitioner's habeas petition. Upon the Court's review, Petitioner has not presented any additional facts or legal argument which would persuade the Court to find that a certificate of appealability is warranted in this case.

The Court will deny Petitioner's request for a certificate of appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The doctrine of equitable tolling was deemed inapplicable in this case as set forth in the Opinion and Order denying habeas relief. Whether or not such a doctrine should be applied to a petitioner's habeas application is also not reasonably debatable. Petitioner's procedural default, therefore, prevents him, as well as the Court, from re-addressing Petitioner's constitutional claims. Consequently, the Court hereby finds that neither the procedural

3

issues discussed nor the underlying substantive constitutional claims are certifiable for appeal. Moreover, the Court will also deny Petitioner leave to proceed on appeal *in forma pauperis* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001); Fed. R. App. P. 24(a).

**IV. <u>Conclusion</u>**

Accordingly,

IT IS ORDERED that Petitioner's Notice or Appeal **[Doc. # 15, filed October 11, 2007]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Certificate of Appealability **[Doc. # 17, filed October 25, 2007]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed In Forma Pauperis on Appeal [Doc. # 19, filed November 1, 2007] is DENIED.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: March 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Edward Crawford, Reg. No. 242714, Kinross Correctional Facility, 16670 S. Watertower Dr., Kincheloe, MI 49788 on March 7, 2008, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager